## John D. Roberts v. John S. Kirkpatrick.

### Gen. No. 4,739.

1. FORFEITURE—*when, of contract for conveyance of land, will not be upheld.* A forfeiture of a contract to convey land will not be sustained nor will forcible detainer to recover possession of the premises agreed to be conveyed be upheld where the notes repre-

senting the obligation for the non-payment of which a forfeiture is sought to be declared are not produced or accounted for, notwithstanding their maturity was of such a date as would furnish a presumption of payment.

Forcible entry and detainer. Appeal from the Circuit Court of DeKalb county; the Hon. CHARLES A. BISHOP, Judge, presiding. Heard in this court at the October term, 1906. Affirmed. Opinion filed March 13, 1907.

JONES & ROGERS, for appellant.

CLIFFE & CLIFFE, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

This is an action in forcible entry and detainer to recover possession of lots three and four of block thirteen in the village of Waterman, DeKalb county, Illinois, commenced by appellant, John D. Roberts, before a justice of the peace against appellee, John S. Kirkpatrick, and afterwards taken on appeal to the Circuit Court of said county, where a trial was had before a jury, resulting in a verdict for appellee. A motion for a new trial was overruled, judgment entered against appellant for costs, and the case brought to this court by appeal.

The evidence shows that the premises were originally owned by one Francis E. Hinckley, now deceased; and that on the 1st day of May, 1875, he executed and delivered to one Isaac Kirkpatrick articles of agreement for a warranty deed of the premises, and that the expressed consideration therefor was one hundred and sixty dollars, of which twenty dollars was paid in cash and the deferred portion was evidenced by two promissory notes of seventy dollars each, due on or before the first day of May following, one payable to the order of Francis E. Hinckley, the other to the order of G. M. Hunt. Isaac Kirkpatrick entered into possession of the premises and retained their exclusive possession for more than twenty years, and at

his death left the wife of appellee and a Mrs. Inda K. Andrews, his only heirs at law, in possession, which they retained until November 5, 1904, when Mrs. Andrews and W. S. Andrews, her husband, conveyed an undivided half interest in the lots to appellee, husband of the other Kirkpatrick heir, and he went into possession thereof under the deed. July 14, 1902, the premises were sold for taxes, and on the 8th day of September, 1904, a tax deed was issued to Walter Langlois, and on the same date Walter Langlois and wife quit-claimed the lots to W. S. Andrews, and on November 5, 1905, Andrews, his wife joining, conveyed the premises to appellee. On the 21st day of September, 1904, the heirs of Francis E. Hinckley declared the contract dated May 1, 1875, forfeited because the deferred portion of the purchase price had not been paid, and because the heirs of Isaac Kirkpatrick had permitted the premises to be sold for delinquent taxes; and on the same date executed a quit-claim deed of the premises to appellant, who one day in the absence of appellee went upon the lots, raked and burned some weeds and sowed some grass seed. Appellee on his return shortly thereafter went upon the lots, did some work, hauled on manure and performed other acts incident to ownership. Later, appellant removed the fence separating the lots from his farm adjoining, and the appellee still continuing to work upon and use the premises, this suit was instituted.

Appellant's contention is that the deferred portion of the purchase price of the premises had not been paid, and that that, with the non-payment of taxes, operated as a breach of the contract of May 1, 1875, and warranted the forfeiture thereof by the Hinckley heirs on September 21, 1904, and that their deed of that date invested him with the title and right of possession of the premises. The issue here, however, is not the validity of his title, but to determine if the facts appearing in the record entitled him to a right

to recover the possession of the premises under paragraph five of section two of the Forcible Entry and Detainer Act. "One suing under the Forcible Entry and Detainer Act must show right of possession in himself, and he cannot rely upon the lack of right in those he seeks to dispossess." Fitzgerald v. Quinn, 135 Ill. 354.

On the trial the notes representing the deferred portion of the purchase price of the premises were not produced, neither was their absence accounted for, nor proof offered that they had not been paid. The evidence does show, however, that Isaac Kirkpatrick died nine years or more before the institution of this suit, and that his estate had been administered in the Probate Court of DeKalb county, and that the notes were not presented as claims against his estate. It appears from the evidence that this suit was instituted more than twenty-nine years after the notes given for the deferred portion of the purchase price of the premises had matured. We hold that under these proofs the whole purchase price stipulated in the articles of agreement of May 1, 1875, must here be treated as having been paid in fact or by operation of law before the attempted forfeiture of September 21, 1904; and if so, the Hinckley heirs had no further beneficial interest in the premises, and their only interest was that of trustee of the legal title with power to transfer the same under the terms of the contract. They having no beneficial interest in the premises were not interested in or affected by the non-payment of taxes or the sale resulting. The evidence does not show that there was any breach of the contract justifying the Hinckley heirs in declaring a forfeiture thereof, and therefore their deed based on the forfeiture of September 21, 1904, did not invest appellant with a right of possession of the premises under the Forcible Entry and Detainer Act.

Complaint is made of the refusal of the court to permit appellant to show that there was an agree-

ment between appellee's grantor Andrews, appellee, and the Kirkpatrick heirs to obtain title to the premises by the tax sale proceedings. The purpose of the evidence so excluded was its alleged tendency to impeach appellee's motives relative to the non-payment of the taxes and the sale resulting. As appellant had not acquired a right of possession that he could enforce in these proceedings, the evidence excluded was immaterial, not relevant, and there was no error in sustaining the objection thereto.

Complaint is also made of the ruling of the court in giving the third, fourth and fifth instructions on behalf of the appellee, and the refusal of the first, second and third, offered on behalf of appellant. We have examined these instructions and duly considered their application to the evidence in the record, carefully weighed the argument of counsel for appellant in support of their contention, and we are of the opinion that the jury were fully and fairly instructed as to the law governing the rights of appellant, and that no error was committed in giving the third, fourth and fifth instructions asked by appellee, or in refusing the first, second and third offered by appellant. Some of the instructions asked by appellee and refused might have been given; but their refusal was not harmful to appellant, and as cross error was not assigned on their refusal they will not be further considered.

The verdict being consistent with the facts, and there being no serious error in this record, the judgment of the lower court is affirmed.

*Affirmed.*